UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

---------------------------------------------------------------x
: Chapter 11
In re: : Subchapter V
:
BOSTON HARBOR DISTILLERY, LLC. : Case No. 25-_____ (___)
:
Debtor. :
---------------------------------------------------------------x

**APPLICATION PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a)
AND 328 AUTHORIZING EMPLOYMENT AND RETENTION OF
ASCENDANT LAW GROUP LLC AS COUNSEL TO THE DEBTOR**

The above-referenced Debtor (the "Debtor" or "BHD") in the above-referenced chapter 11 case, hereby moves this Court, pursuant to sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court, District of Massachusetts ("MLBR"), for entry of an Order, substantially in the form attached hereto as Exhibit A, authorizing the retention and employment of Ascendant Law Group LLC ("ALG") as counsel to the Debtor. In support of this Application, the Debtor relies on the *Declaration of Jesse I. Redlener*, attached hereto as Exhibit B (the "Redlener Declaration"), and respectfully represents as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and MLBR 2014-1.

**BACKGROUND**

3. On the date hereof (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code and Subchapter V (the "Bankruptcy Code") in this Court. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. A Subchapter V trustee has not yet been appointed in this proceeding.

**The Debtor's Business**

5. The Debtor was originally founded in 2021 as Port Norfolk Distillery, LLC, later changing its name to Boston Harbor Distillery.

6. Additional information regarding the Debtor's business, its mission and the circumstances leading to this chapter 11 filing is set forth in greater detail in the *Declaration of Rhonda Kallman in Support of First Day Motions* (the "First Day Declaration"), which is incorporated herein by reference and filed contemporaneously herewith.

**RELIEF REQUESTED**

7. Subject to Bankruptcy Court approval, the Debtor seeks to engage ALG as its bankruptcy counsel in connection with the commencement and prosecution of its bankruptcy case, with that retention being made effective as of the Petition Date.

8. The Debtor has selected ALG because it has considerable experience and expertise in bankruptcy related matters, including its having successfully represented debtors in other chapter 11 cases. The Debtor believes that ALG is well qualified to represent it in this case. ALG's bankruptcy restructuring practice is comprised of two experienced restructuring attorneys, supported by commercial litigation counsel and staff. ALG attorneys have played significant roles in many large and complex cases under the Bankruptcy Code, including the

chapter 11 cases of Freedom Wind Tunnel, LLC, Vanguard Medical, LLC, Calpine Corp., Energy Future Holdings Corp., Cosi, Inc., and Arch Wireless.

9. The Debtor seeks to retain ALG to render the following services, among others, on behalf of the Debtor and its estate:

(a) Advising the Debtor with respect to its powers and duties as a debtor-in-possession in the continued management and operation of its businesses and properties;

(b) Representing the Debtor at all hearings and matters pertaining to its affairs as a debtor and debtor-in-possession;

(c) Attending meetings and negotiating with representatives of the Debtor's creditors and other parties-in-interest;

(d) Taking all necessary action to protect and preserve the Debtor's estate;

(e) Preparing on behalf of the Debtor all necessary and appropriate motions, applications, answers, orders, reports and papers necessary to the administration of the Debtor's estates;

(f) Reviewing applications and motions filed in connection with the Debtor's bankruptcy case;

(g) Negotiating and preparing on the Debtor's behalf any plan of reorganization, disclosure statement, and all related agreements and/or documents, and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

(h) Advising the Debtor in connection with any potential sale or sales of assets or their business, or in connection with any other strategic alternatives;

(i) Reviewing and evaluating the Debtor's executory contracts and unexpired leases, and representing the Debtor in connection with the rejection, assumption or assignment of such leases and contracts;

(j) Representing the Debtor in connection with any adversary proceedings or automatic stay litigation which may be commenced by or against the Debtor;

(k) Reviewing and analyzing various claims of the Debtor's creditors and treatment of such claims, and preparing, filing or prosecuting any objections thereto; and

(l) Performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with its bankruptcy case.

10. Section 327(a) of the Bankruptcy Code provides that a debtor-in-possession is authorized to employ one or more attorneys that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in 11 U.S.C. § 101(14), to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. *See* 11 U.S.C. §§ 101(14), 327(a). Section 1107(b) modifies §§ 101(14) and 327(a) in cases filed under chapter 11 of the Bankruptcy Code and provides that a person is not disqualified from employment under § 327(a) on behalf of a debtor-in-possession solely because of such person's employment by or representation of the debtor prior to the commencement of the bankruptcy case. *See id*. § 1107(b).

11. Accordingly, pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and MLBR 2014-1, the Debtor requests that the Court approve the employment of ALG as counsel in the Debtor's chapter 11 case.

12. Under § 328(a), an attorney retained under § 327(a) may, with the Court's approval, be employed on any reasonable terms and conditions, including on retainer or on an hourly basis. *See id*. § 328(a).

13. Pursuant to Local Rule 2014-1(d), because this Application seeks to retain counsel for a chapter 11 debtor and is being filed within fourteen (14) days of the Petition Date, the order authorizing retention will be effective as of the filing date, without the necessity of seeking and obtaining post facto approval.

**PROFESSIONAL COMPENSATION**

14. ALG is willing to serve as counsel to the Debtor and to receive compensation for professional services rendered and expenses incurred in accordance with sections 328, 330, and 331 of the Bankruptcy Code. Compensation will be payable to ALG on an hourly basis, plus reimbursement of actual, necessary expenses incurred by ALG. The attorneys designated to

represent the Debtor and the hourly rates such attorneys will charge in these chapter 11 cases are:

| Timekeeper | Title | Hourly Rate |
|---|---|---|
| Jesse I. Redlener | Member | $420 |
| Lee Harrington | Member | $420 |
| Matthew Ginsburg | Member | $420 |

15. The Debtor has been advised by ALG that it is ALG's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. ALG will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to its other clients.

16. From time to time, ALG adjusts its usual hourly billing rates in the ordinary course of its business. In the event of such an adjustment, ALG will seek compensation at the adjusted hourly rate from and after the date of the adjustment.

17. ALG will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of services rendered. During these cases, ALG requests that it receive compensation for services rendered to the Debtor upon approval of this Court as set forth herein and as ordered by the Court. Any reimbursement of compensation and expenses shall be subject to allowance by this Court upon appropriate application pursuant to Sections 330 and 331 of the Bankruptcy Code and any orders of this Court.

18. ALG received a $41,596.00 retainer (the "Retainer") from the Debtor prior to the Petition Date. ALG applied $24,838.00 of that retainer to legal fees and to the filing fee

5

associated with this case and will seek authority from the Court to apply the balance of the Retainer in satisfaction of any allowed professional fees and expenses upon application to, and approval by the Court.

19. ALG has advised the Debtor that neither ALG nor any of its members holds or represents any interest adverse to the Debtor in the matters upon which ALG is to be employed, except as may be set forth in the Redlener Declaration.

20. In the event that ALG discovers any connections, other than as disclosed in the Redlener Declaration, with any party in interest in the Debtor's chapter 11 case, or any information pertinent to this Application under the requirements of Bankruptcy Rule 2014, ALG will disclose such connections and information to the Court in a supplement to the Redlener Declaration.

## NOTICE

21. Notice of this Application will be provided to: (i) the Office of the United States Trustee; (ii) the twenty (20) largest unsecured creditors of the Debtor; (iii) the Debtor's secured creditors and, where applicable, their counsels; (iv) applicable federal and state taxing authorities; and (v) all parties who have requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

22. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:  March 27, 2025 **BOSTON HARBOR DISTILLERY, LLC,**

By: */s/ Rhonda Kallman*
Name:  Rhonda Kallman
Title: Founder and CEO

## **EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

```
-----------------------------------------------------------x
                                              :   Chapter 11
In re:                                        :   Subchapter V
                                              :
BOSTON HARBOR DISTILLERY, LLC.                :   Case No. 25-_____  (___)
                                              :
        Debtor.                               :
-----------------------------------------------------------x
```

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
ASCENDANT LAW GROUP LLC AS COUNSEL TO THE DEBTOR,
PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328**

Upon consideration of the application (the "Application")[1] of the above-referenced Debtor (the "Debtor") for an order pursuant to sections 327(a) and 328 of the Bankruptcy Code, authorizing the retention and employment of Ascendant Law Group LLP ("ALG"), as counsel to the Debtor; and upon the declaration of Jesse Redlener (the "Redlener Declaration") in support thereof; and the Court being satisfied based on the representations made in the Application and the Redlener Declaration that ALG represents no interest that is adverse to the Debtor with respect to the matters on which the firm is to be engaged, that the firm is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code, and that the firm's employment is necessary and in the best interests of the Debtor and its members; and after due deliberation and sufficient cause appearing therefor.

IT IS HEREBY ORDERED THAT:

1. The Application is granted and approved.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

2. In accordance with sections 327(a) and 328 of the Bankruptcy Code, the Debtor is authorized to employ and retain ALG as its attorneys on the terms set forth in the Application and the Redlener Declaration.

3. ALG's fees and expenses shall be subject to review upon notice and opportunity to be heard and shall be subject to the reasonableness standard pursuant to section 330 of the Bankruptcy Code.

4. ALG is authorized to receive compensation for services rendered and expenses incurred upon approval by this Court in accordance with any professional compensation procedures established and approved by the Court.

Dated: _____, 2025
      Boston, MA

_____
HONORABLE UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**REDLENER DECLARATION**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

---------------------------------------------------------------x
In re:
: Chapter 11
: Subchapter V
:
BOSTON HARBOR DISTILLERY, LLC.    : Case No. 25-_____ (___)
:
Debtor.    :
---------------------------------------------------------------x

**DECLARATION OF JESSE I. REDLENER IN SUPPORT OF APPLICATION
PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328,
AUTHORIZING EMPLOYMENT AND RETENTION OF
ASCENDANT LAW GROUP LLC AS COUNSEL TO THE DEBTOR**

I, Jesse I. Redlener, hereby declare under penalty of perjury:

1. I am attorney in the Ascendant Law Group LLC ("ALG" or the "Firm") and am admitted to practice in the Commonwealth of Massachusetts. I submit this declaration (the "Redlener Declaration") in support of the *Application Pursuant To Bankruptcy Code Sections 328(a), 330(a), And 1103, Authorizing Employment And Retention Of Ascendant Law Group LLC As Counsel To the Debtor* (the "Application").[1]

**ALG's Disclosure Procedures**

2. In preparing this Declaration, we reviewed through our conflicts system the names of various parties in interest in these chapter 11 cases (collectively, the "Interested Parties"), including, without limitation, the Debtor, creditors of the estate, equity holders and respective attorneys and accountants.

**ALG's Connections with Interested Parties**

3. Neither I nor any member of my firm holds or represents any interest adverse to the estate of the above-named Debtor.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

4. To the best of my knowledge, based our review, ALG does not have any "connections" to the Interested Parties, pursuant to FED. R. BANKR. P. 2014.

5. Neither I, nor any member of ALG, as far as I have been able to ascertain, has any connection with the Debtor or any other Interested Party.

6. Despite the review described above to identify and disclose ALG's connections with parties in interest in these chapter 11 cases, ALG is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if ALG discovers additional information that requires disclosure, ALG will amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstance relating thereto and file a supplemental disclosure with the Court.

7. I am not related to and, to the best of my knowledge, no other attorney at ALG is related to: (a) any United States Bankruptcy Judge for the District of Massachusetts or any of the District Judges for the District of Massachusetts who handle bankruptcy cases; or (b) the United States Trustee for the District of Massachusetts, or any person employed by the Office of such United States Trustee.

8. To the best of my knowledge, information, and belief formed after reasonable inquiry, ALG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that ALG:

    a) is not a creditor, equity security holder, or insider of the Debtor;

    b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

    c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, for any other reason.

9. Based on the foregoing and except as provided herein, to the best of my knowledge, information, and belief formed after reasonable inquiry, ALG does not: (a) represent or hold any interest adverse to the Debtor with respect to the maters on which the Debtor seeks to employ ALG; or (b) have any connection with the Debtor, any creditors or other parties in interest, their respective attorneys and accountants, the United States Trustee for the District of Massachusetts, or any person employed by the Office of the United States Trustee.

10. I have not agreed to share with any person (except members of my firm) the compensation to be paid for the services rendered in this case.

## Services to be Rendered

11. The Debtor seeks to retain ALG to render the following services, among others, on behalf of the Debtor and its estate:

   a) Advising the Debtor with respect to its powers and duties as a debtor-in-possession in the continued management and operation of its businesses and properties;

   b) Representing the Debtor at all hearings and matters pertaining to its affairs as a debtor and debtor-in-possession;

   c) Attending meetings and negotiating with representatives of the Debtor's creditors and other parties-in-interest, as well as responding to creditor inquiries;

   d) Taking all necessary action to protect and preserve the Debtor's estate;

   e) Preparing on behalf of the Debtor all necessary and appropriate motions, applications, answers, orders, reports and papers necessary to the administration of the Debtor's estate;

   f) Reviewing applications and motions filed in connection with the Debtor's bankruptcy case;

   g) Negotiating and preparing on the Debtor's behalf any plan of reorganization, disclosure statement, and all related agreements and/or documents, and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

   h) Advising the Debtor in connection with any potential sale or sales of assets or their business, or in connection with any other strategic alternatives;

i) Reviewing and evaluating the Debtor's executory contracts and unexpired leases, and representing the Debtor in connection with the rejection, assumption or assignment of such leases and contracts;

j) Representing the Debtor in connection with any adversary proceedings or automatic stay litigation which may be commenced by or against the Debtor;

k) Reviewing and analyzing various claims of the Debtor's creditors and treatment of such claims, and preparing, filing or prosecuting any objections thereto; and

l) Performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with its bankruptcy case.

## Compensation

12. ALG intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

13. The attorneys designated to represent the Debtor and the reduced hourly rates such attorneys will charge in these chapter 11 cases are:

| Timekeeper | Title | Hourly Rate |
| --- | --- | --- |
| Jesse I. Redlener | Member | $420 |
| Lee Harrington | Member | $420 |
| Matthew Ginsburg | Member | $420 |

14. The Debtor has been advised by ALG that it is ALG's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. ALG will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to its other clients.

15. If the billing rates of myself, Mr. Harrington and Mr. Ginsburg increase during these chapter 11 cases, ALG will provide the Debtor and the U.S. Trustee with not less than ten (10) days' notice.

16. ALG received a $41,596.00 retainer (the "Retainer") from the Debtor prior to the Petition Date. The funds used to pay the Retainer were generated by the Debtor from operations. ALG applied $24,838.00 of that retainer to legal fees and to the filing fee associated with this case and will seek authority from the Court to apply the balance of the Retainer in satisfaction of any allowed professional fees and expenses upon application to, and approval by the Court.

17. No promises have been received by ALG, nor by any of its members as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. ALG has no agreement with any other entity to share with such entity any compensation received by ALG in connection with these chapter 11 cases.

18. I shall amend this declaration immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstance relating thereto

19. I have reviewed the provisions of MLBR 2016-1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of March, 2025

      /s/ Jesse I. Redlener
      Jesse I. Redlener

5