**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>BOSTON HARBOR DISTILLERY, LLC,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br>Case No.  25-10650-CJP |

**INITIAL OPPOSITION OF PORT NORFOLK DEVELOPMENT LLC
TO MOTION FOR AN ORDER APPROVING
BIDDING PROCEDURES AND FOR OTHER RELIEF**

Faced with the prospect of no sale of its business, including the failure to consummate the one sale that the Debtor told the Court was all but complete, Debtor Boston Harbor Distillery, LLC now seeks to buy more time by advancing a non-arms'-length "sale" to the principal's sister, most likely for the sole purpose of saving a job for the principal, at the expense of the Debtor's creditors. Landlord/Creditor Port Norfolk Development LLC ("Port Norfolk"), whom the Debtor asserts will be the largest beneficiary of this sale, has no interest in it.   The proposed sale, proffered by the Debtor to avoid this Court granting relief from stay to Port Norfolk, should not be permitted.  But, if the sale nevertheless goes forward, it should do so as a contested matter and Port Norfolk should be permitted to conduct discovery – in the form of depositions of the Buyer and the Debtor's principal – in order to determine whether the sale is in fact arms' length or in good faith, and whether the Buyer can provide Port Norfolk with adequate assurance of future performance, as is required for the assumption and assignment of the Lease.  In further support of this Opposition, Port Norfolk states:

**Background**

1.      On March 31, 2025 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor-in-possession.

2.      On or about August 27, 2012, the Debtor as tenant and Port Norfolk as landlord entered into a commercial Lease for the Premises, consisting of a 7,410 square foot lot with a building thereon, under which the Debtor operated a distillery of craft spirits. The Lease was amended from time to time (the "Lease"). Notwithstanding the terms of the Lease, the Debtor ceased paying rent after its October 2025 rent payment. Currently, the Debtor is over $150,000 in arrears, not including interest, legal fees and other expenses to which Port Norfolk is entitled.

3.      On May 27, 2025, Port Norfolk filed a Motion for Relief from Stay, seeking authority to proceed with its eviction, since the Debtor also had not paid postpetition rent for April and May. At a hearing on the Motion, the Debtor acknowledged to the Court that it had attempted to sell the Property, with several starts and stops, but that as of the hearing, it intended to sell the assets of the Debtor to Atlantic Beverage Distributors, a well-established business in the industry. Indeed, counsel for Atlantic Beverage appeared at the hearing to confirm the likely sale and that, while a sale agreement had not been executed, it was likely imminent.

4.      Based on this information, the Court continued the Motion for Relief, on the condition that the Debtor timely pay June and July rent. While the Debtor did pay June rent, the sale to Atlantic Beverage then fell through. July rent is now due, with an extended date of July 20.

5. With admittedly no other possibilities, the Debtor enlisted the principal's sister to enter into a sale agreement because she was "the only party that has agreed to execute an asset purchase agreement and serve as a stalking horse in a competitive sale process." (See Debtor's Motion at note 1.) It therefore appears that the Buyer does not really want to buy the business, but is hoping to be outbid. Indeed, the $75,000 deposit is refundable if the Buyer and Seller mutually agree not to close.

6. Further, the purchase price is far below the amount necessary to satisfy even the secured debt of the first lienholder (there are four lienholders) and the Port Norfolk cure payments. There is no indication that the secured creditors have agreed to take a reduced payout, or to provide a carve-out for the benefit of the bankruptcy estate.

7. Notwithstanding this, if the Court nevertheless permits the sale process to go forward, this Opposition should serve to create a contested matter. Port Norfolk requests permission to take discovery in order to determine several matters germane to the sale, including but not limited to: whether this is an arms' length sale, whether the Buyer is a good faith purchaser, the extent to which Rhonda Kallman will be involved with the Buyer after the proposed sale (something not disclosed in the Motion),and whether the Buyer can provide Port Norfolk with adequate assurance of future performance. Specifically, Port Norfolk seeks to take, on an expedited basis, the depositions of Rhonda Kallman, her sister, Estelle Sylvetsky and, if any, other undisclosed relatives who are involved with the Buyer. The depositions can be accomplished before a sale hearing.

8. Based on the foregoing, Port Norfolk respectfully requests that this Court deny the sale motion or, in the alternative, determine that this is a contested matter, and permit Port Norfolk to conduct expedited discovery.

Respectfully submitted this 16th day of July, 2025.

        Port Norfolk Development LLC

        By its attorneys,

        */s/ David B. Madoff*
        David B. Madoff (BBO#552968)
        MADOFF & KHOURY LLP
        124 Washington Street, Suite 202
        Foxborough, MA  02035
        (508) 543-0040
        madoff@mandkllp.com

## **Certificate of Service**

The undersigned hereby certifies that on July 16, 2025, he caused copies of the foregoing to be served by ECF on all parties on the Court's ECF service list, including:

Stephen C Garabedian on behalf of Creditor Martignetti Grocery Co., LLC
Stephen@garabedianlaw.net

Lee Harrington on behalf of Debtor Boston Harbor Distillery, LLC
lh@ascendantlawgroup.com

John Houton on behalf of Creditor City of Boston Treasury Department
John.Houton@cityofboston.gov

Sara Kathryn Jackson on behalf of Assistant U.S. Trustee Richard King - B
sara.kathryn.jackson@usdoj.gov

Richard King - B
USTPRegion01.BO.ECF@USDOJ.GOV

David B. Madoff on behalf of Creditor Port Norfolk Development LLC
madoff@mandkllp.com, alston@mandkllp.com

Alex F. Mattera on behalf of Creditor Northeast Bank
amattera@pierceatwood.com, lhawe@pierceatwood.com

William J. McLeod on behalf of Interested Party Massachusetts Department of Industrial Accidents
william.j.mcleod@mass.gov, mcleodlaw@gmail.com

Jesse I. Redlener on behalf of Debtor Boston Harbor Distillery, LLC
jredlener@ascendantlawgroup.com, redlener.jesseb112050@notify.bestcase.com

                                                        */s/  David B. Madoff*
                                                        David B. Madoff (BBO#552968)